# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-00033-02-CR-W-ODS |
| | ) |
| NICKALUS ERIK PETERSON, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following "binding" or set plea agreement, in which the parties agree to request of the Court a specific sentence of twenty (20) years (240-months) in prison as an appropriate disposition of the case, to be followed by five years of supervised release, no fine, and $300 in special assessments[1]:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Beth Phillips, United States Attorney, and Bruce Rhoades, Assistant United States Attorney, and the defendant, NICKALUS ERIK PETERSON ("the defendant"), represented by Fred Bellemere, III.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any

---

[1] Further, the parties agree that an additional part of the recommended sentence in this binding plea agreement is that *any* imprisonment sentence ordered in Defendant Peterson's companion felon in possession of a firearm case (09-00258-01-CR-W-ODS), which is relevant conduct in this case, be run concurrently to the recommended sentence in this case.

other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count One of the indictment charging him with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, that is, conspiracy to distribute more than five-hundred (500) grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; Count Two of the indictment charging him with a violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (h), that is conspiracy to commit money laundering, and; Count Four of the indictment charging him with a violation of 18 U.S.C. § 924(c)(1)(a)(i), that is possession of a firearm in relation to a drug trafficking offense. By entering into this plea agreement, the defendant admits that he knowingly committed these offenses, and is in fact guilty of these offenses.

**3. Factual Basis for Guilty Plea.** The parties agree that the facts the Government would introduce in its case-in-chief related to the offenses to which the defendant is pleading guilty are as follows:

> On or about between January 1, 2006 and January 14, 2010, the defendant conspired with others, both known and unknown, to distribute more than 500 grams of a mixture or substance containing methamphetamine within the Western District of Missouri. The defendant and others distributed or were otherwise involved with the distribution of more than 500 grams of methamphetamine from various residences, vehicles, and locations knowing the substance being distributed contained methamphetamine and knowing it was illegal to do so.

> On or about between January 1, 2006 and January 14, 2010, the defendant conspired with others, both known and unknown, to use the proceeds of their methamphetamine distribution activities, knowing in fact that they were proceeds from methamphetamine distribution, to pay day to day living expenses and to buy additional methamphetamine for further distribution with the intent to promote the conspiracy to

distribute methamphetamine, at least partially within the Western District of Missouri.

On or about September 09, 2008, the defendant was armed with a handgun prior to, during, and following a controlled methamphetamine purchase at his residence utilizing undercover law enforcement officers.

On or about February 05, 2007, Miranda McClintock died as the result of ingesting a large amount of methamphetamine in baggies she had secreted on her person following a traffic stop in Johnson County, Missouri. The medical examiner would testify that the amount of methamphetamine, along with baggies, found inside of McClintock indicated she ingested well in excess of what would normally be considered a user amount of methamphetamine. Defendant Peterson was McClintock's source for methamphetamine. Co-defendant Burkhart would testify that at some point around the time of McClintock's accidental drug overdose death McClintock had been actively looking for Peterson for the purpose of obtaining methamphetamine from him. The Government would present evidence at trial or sentencing sufficient for the Court to find that McClintock's death resulted from the use of methamphetamine distributed through the conspiracy Peterson is pleading guilty to in Count One of the indictment.

**4. Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining defendant's guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which defendant is pleading guilty.

3

5. **Statutory Penalties**[2]. The defendant understands that upon pleading guilty to Count One of the indictment charging the defendant with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, that is, conspiracy to distribute five-hundred grams or more of a mixture or substance containing methamphetamine, a schedule II controlled substance, the minimum penalty the Court may impose is ten (10) years imprisonment while maximum penalty the Court may impose is not more than life imprisonment and not more than a $10,000,000.00 fine; and that the Court shall impose not less than five (5) years of supervised release. The defendant further understands that this offense is a Class A felony.

The defendant further understands that upon pleading guilty to Count Two of the indictment charging the defendant with a violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (h), that is, conspiracy to commit money laundering, the maximum penalty the Court may impose is not more than 20 years of imprisonment, not more than a $500,000.00 fine and not more than three years of supervised release and that this offense is a Class C felony.

The defendant further understands that upon pleading guilty to Count Four of the indictment charging the defendant with a violation of 18 U.S.C. § 924(c)(1)(a)(i), that is possession of a firearm in relation to a drug trafficking offense, the minimum penalty the Court may impose is five (5) years imprisonment *consecutive to* any other term of imprisonment imposed and the maximum penalty the Court may impose is life imprisonment, not more than a

---

[2]While this is a binding plea agreement, the statutory penalties are set out herein out of an abundance of caution, as a service to the Court, and to establish that the parties recognize that a legally binding sentence, should the Court accept this binding plea agreement, will require the 20 year imprisonment sentence actually be a result of 15 years on Count One, concurrent to whatever sentence is imposed for Count Two, with the five (5) year imprisonment required minimum in Count Four being ordered to run *consecutive to* the sentence imposed in Count One.

4

$250,000.00 fine and not more than three years of supervised release and that this offense is a Class C felony.

The defendant understands that for each count of conviction the Court shall impose a $100 mandatory special assessment which must be paid in full prior to the time of sentencing. Failure to pay said assessment timely will result in the Government seeking a continuance of the sentencing until it is paid OR, in the alternative, the Government will consider the failure to pay it as a violation of this plea agreement and seek to have this agreement voided.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

>    a. Although this is a plea pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure (a "binding" plea), the Court is required to determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;
>
>    b. in addition to a sentence of imprisonment, the Court shall impose a term of supervised release of not less than five (5) years;
>
>    c. if the defendant violates a condition of supervised release, the Court may revoke that supervised release and impose an additional period of imprisonment without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release;
>
>    d. any sentence of imprisonment imposed by the Court will not allow for parole;
>
>    e. The defendant agrees that the United States may institute civil, judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that defendant will not contest any such forfeiture proceedings;

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea

agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to the charges defendant has pled to herein for which it has venue and which arose out of the defendant's conduct described above.

Further, the Government agrees to recommend that *any* imprisonment sentence ordered in Defendant Peterson's companion felon in possession of a firearm case (09-00258-01-CR-W-ODS), which is relevant conduct in this case, be run concurrently to the recommended sentence in this case.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge. However, federal prosecution concerning the death of Miranda McClintock, addressed in the factual summary in paragraph number 4 herein above, IS foreclosed by this plea agreement.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives any right to challenge the initiation of the dismissed or additional charges against defendant if defendant breaches this agreement. The defendant expressly waives any right to assert a statute of limitations defense if the dismissed or additional charges are initiated against defendant following a breach of this

6

agreement. The defendant further understands and agrees that if the Government elects to file additional charges against defendant following breach of this plea agreement, defendant will not be allowed to withdraw this guilty plea.

      **8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which defendant has pleaded guilty. The United States may respond to comments made or positions taken by the defendant, defendant's counsel or anyone on defendant's behalf and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to the limits set forth in this plea agreement, i.e. a sentence of twenty (20) years imprisonment, five (5) years supervised release and $300.00 in special assessments. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

      **9. Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, AND the Court has agreed to accept the recommended sentence of the parties (twenty (20) years imprisonment, five (5) years supervised release and

$300.00 in special assessments), the defendant may only withdraw these pleas of guilty if the Court rejects the recommended sentence and plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts defendant's pleas of guilty, this plea agreement, and the recommended sentence, but subsequently imposes a sentence that is outside the said recommended sentence, that will also permit defendant to withdraw these pleas of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

a. While this is a binding plea agreement, the Sentencing Guidelines do not bind the Court and are advisory in nature, however, the Court will impose the recommended sentence or allow the defendant to withdraw his pleas of guilty;

b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2D1.1, which provides for a base offense of not less than a level 36;

c. While the parties recognize there might be other specific aggravating or mitigating U.S.S.G. applications applicable to this defendant the parties elect to make the heretofore set out recommended sentence to the Court;

d. The defendant appears to have admitted his guilt and accepted responsibility for his actions, and by timely notifying authorities of the intention to enter a plea of guilty has thereby permitted the Government to avoid preparing for trial and permitted the Government and the Court to allocate their resources efficiently. Therefore, the defendant appears entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines and the Government, at the time of sentencing, will make a motion with the Court to that effect unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and any pretrial release orders; or (2) attempts to withdraw this guilty plea, violates the law, or otherwise engages in conduct inconsistent with an acceptance of responsibility;

e. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

8

f. While the defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels, the parties agree that if the Court accepts this binding plea agreement and its recommended sentence, that shall be the sentence imposed;

g. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support the herein recommended sentence, any specific offense characteristic, or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

h. The defendant understands and agrees that the factual admissions contained in Paragraph 3 or other places within this plea agreement, and any admissions made during the defendant's plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. While as to any other Guidelines issues the parties are free to advocate their respective positions at the sentencing hearing, the parties are recommending the Court accept this binding plea agreement and the recommended sentence.

**12. Change in Guidelines Prior to Sentencing.** While the defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, and he then makes any request by to be sentenced pursuant to the new Guidelines instead of the recommended sentence in this binding plea agreement, that request will make this plea

9

agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by defendant, or anyone on behalf of the defendant, at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charges in the indictment;

    c. oppose any arguments and requests for relief the defendant, or anyone on defendant's behalf, might advance on an authorized appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

    d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that defendant has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. the right to plead not guilty and to persist in a plea of not guilty;

    b. the right to be presumed innocent until defendant's guilt has been established beyond a reasonable doubt at trial;

    c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d. the right to confront and cross-examine the witnesses who testify against the defendant;

e. the right to compel or subpoena witnesses to appear on defendant's behalf; and

f. the right to remain silent at trial, in which case that silence may not be used against defendant.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask questions about the offense or offenses to which defendant pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, those answers may later be used against defendant in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

a. The defendant acknowledges, understands and agrees that by his *unconditional* plea of guilty pursuant to this binding plea agreement he waives the right to appeal or collaterally attack a finding of guilt following the acceptance of this binding plea agreement, except on grounds of (1) ineffective assistance of counsel, or; (2) prosecutorial misconduct.

b. The defendant expressly waives the right to appeal any sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the agreed sentence herein (twenty (20) years imprisonment, five (5) years supervised release and $300.00 in special assessments). However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

11

**16. <u>Financial Obligations</u>.**

By entering into this plea agreement, the defendant states an understanding of and agrees to the following financial obligations:

    a. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine or costs.

    b. The defendant will fully and truthfully disclose all assets and property in which defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution or fine or costs order in full.

    c. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

    d. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets, restitution, fines, or costs.

    e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to defendant to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

    f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of **$300.00** by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of fulfillment of this obligation at the time of sentencing.

    g. The defendant certifies that no transfer of assets or property has been made for the purpose of (1) evading financial obligations created by this

Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that no such transfers will be made in the future.

      h. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Waiver of FOIA Request.** The defendant waives any and all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.** The defendant waives any and all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United

13

States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty.

The defendant also understands and agrees that in the event this plea agreement is violated, all statements made by the defendant to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against defendant in any and all criminal proceedings. The defendant waives any and all rights under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by defendant subsequent to this plea agreement.

**20. Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter this plea of guilty.

**21. No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any

written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

22. **Standard of Interpretation.**  The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings.  The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

        Beth Phillips
        United States Attorney

Dated: 12/16/2011        /s/ Bruce Rhoades
        Bruce Rhoades
        Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the indictment.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and any statutory minimums.  I have read this binding plea agreement and carefully reviewed every part of it with my attorney.  I understand this binding plea agreement and I voluntarily agree to it.

Dated: 12/16/2011        /s/ Nickalus Erik Peterson
        NICKALUS ERIK PETERSON, Defendant

I am defendant NICKALUS ERIK PETERSON's attorney.  I have fully explained his rights with respect to the offenses charged in the indictment.  Further, I have reviewed with NICKALUS ERIK PETERSON the provisions of the Sentencing Guidelines and statutory minimum sentences which might apply in this case.  I have carefully reviewed every part of this binding plea agreement with NICKALUS ERIK PETERSON.  To my knowledge and belief, NICKALUS ERIK PETERSON's decision to enter into this binding plea agreement is an informed and voluntary one.

Dated: 12/16/2011        /s/ Fred Belemere, III
        Fred Bellemere, III
        Attorney for Defendant